# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| AIPING WEI,<br><br>    Plaintiff,<br><br>v.<br><br>CEOS.COM, an Internet domain name, CNOOC.COM, an Internet domain name, CNPC.COM, an Internet domain name, DENDRIMER.COM, an Internet domain name, LUMINESCENCE.COM, an Internet domain name, PEOPLESDAILY.COM, an Internet domain name, TAIYUAN.COM, an Internet domain name, and XUS.COM, an Internet domain name, and JOHN DOE,<br><br>    Defendants. | Civil Action No. _____ |

## VERIFIED COMPLAINT

Plaintiff Aiping ("Alan") Wei, Ph.D. ("Plaintiff"), by counsel, alleges as follows for his Verified Complaint against Defendants:

## NATURE OF THE SUIT

1. Plaintiff's claims in this case involve intellectual property theft by computer hacking—colloquially referred to as "domain name theft" or "domain name hijacking." To recover his valuable intellectual property, Plaintiff asserts *in rem* claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), alternatively under 28 U.S.C. § 1655, and Virginia common law, and *in personam* claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and Virginia common law, arising from the unauthorized access to Plaintiff's secured computer accounts such as his domain name management account and the unauthorized

transfer and theft of the CEOS.COM, CNOOC.COM, CNPC.COM, DENDRIMER.COM, LUMINESCENCE.COM, PEOPLESDAILY.COM, TAIYUAN.COM, and XUS.COM domain names (the "Defendant Domain Names").

2. Plaintiff seeks injunctive and other equitable relief as a result of the actions of a person or persons of unknown identity who gained unauthorized access to Plaintiff's domain name management account at Network Solutions LLC ("Network Solutions") on a protected computer, transferred control of the Defendant Domain Names from Plaintiff's account, and thereby disabled Plaintiff's control of the Defendant Domain Names causing irreparable injury to Plaintiff.

**PARTIES**

3. Plaintiff Aiping ("Alan") Wei, Ph.D. was, and is, the rightful owner of the Defendant Domain Names after having first registered the Defendant Domain Names over a decade ago through the domain name registrar Network Solutions.

4. Defendant CEOS.COM is an Internet domain name that has been improperly transferred to the domain name registrar Ledl.net GmbH. A copy of the current domain name registration record for CEOS.COM is attached as Exhibit A, and an archived domain name registration record identifying Plaintiff as the registrant of CEOS.COM prior to the theft is attached as Exhibit B.

5. Defendant CNOOC.COM is an Internet domain name that has been improperly transferred to another registrant account with the domain name registrar Network Solutions. A copy of the current domain name registration record for CNOOC.COM is attached as Exhibit C, and an archived domain name registration record identifying Plaintiff as the registrant of CNOOC.COM prior to the theft is attached as Exhibit D.

6. Defendant CNPC.COM is an Internet domain name that has been improperly transferred to another registrant account with the domain name registrar Network Solutions. A copy of the current domain name registration record for CNPC.COM is attached as Exhibit E, and an archived domain name registration record identifying Plaintiff as the registrant of CNPC.COM prior to the theft is attached as Exhibit F.

7. Defendant DENDRIMER.COM is an Internet domain name that has been improperly transferred to the domain name registrar Tucows Domains Inc. A copy of the current domain name registration record for DENDRIMER.COM is attached as Exhibit G, and an archived domain name registration record identifying Plaintiff as the registrant of DENDRIMER.COM prior to the theft is attached as Exhibit H.

8. Defendant LUMINESCENCE.COM is an Internet domain name that has been improperly transferred to another registrant account with the domain name registrar Network Solutions. A copy of the current domain name registration record for LUMINESCENCE.COM is attached as Exhibit I, and an archived domain name registration record identifying Plaintiff as the registrant of LUMINESCENCE.COM prior to the theft is attached as Exhibit J.

9. Defendant PEOPLESDAILY.COM is an Internet domain name that has been improperly transferred to another registrant account with the domain name registrar Network Solutions. A copy of the current domain name registration record for PEOPLESDAILY.COM is attached as Exhibit K, and an archived domain name registration record identifying Plaintiff as the registrant of PEOPLESDAILY.COM prior to the theft is attached as Exhibit L.

10. Defendant TAIYUAN.COM is an Internet domain name that has been improperly transferred to the domain name registrar Alibaba Cloud Computing (Beijing) Co., Ltd. A copy of the current domain name registration record for TAIYUAN.COM is attached as

Exhibit M, and an archived domain name registration record identifying Plaintiff as the registrant of TAIYUAN.COM prior to the theft is attached as Exhibit N.

11. Defendant XUS.COM is an Internet domain name that has been improperly transferred to the domain name registrar 1API GmbH. A copy of the current domain name registration record for XUS.COM is attached as Exhibit O, and an archived domain name registration record identifying Plaintiff as the registrant of XUS.COM prior to the theft is attached as Exhibit P.

12. Defendant John Doe is a person or persons of unknown identity who gained unauthorized access to Plaintiff's protected domain name management account and/or personal email account and, without consent or authority, transferred control of Defendant Domain Names away from Plaintiff.

## JURISDICTION, VENUE AND JOINDER

13. This action arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), 28 U.S.C. § 1655, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia.

14. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 1367, 28 U.S.C. § 1655, and the doctrines of ancillary and pendent jurisdiction.

15. This Court has *in rem* jurisdiction pursuant to 15 U.S.C. § 1125(d)(2)(A) and 28 U.S.C. § 1655.

16. *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A) because the current registration records for the Defendant Domain Names do not identify the parties in

possession of the Defendant Domain Names, identify fictitious persons, and/or identify persons purporting to be located outside of the U.S., and, alternatively, Plaintiff, despite his due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A). Plaintiff has provided notice to the Defendants of his intent to proceed *in rem* pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa).

17. The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

18. *In rem* jurisdiction is also appropriate under 28 U.S.C. § 1655 because the Defendant Domain Names are property situated in this district and Plaintiff is asserting his claim of ownership to the Defendant Domain Names and seeking removal of the cloud on the title of the domain names.

19. Plaintiff's claims against John Doe for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and for conversion, are based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers for the .COM domain registry located within the district so as to effectuate the theft of the Defendant Domain Names.

20. John Doe directed the acts complained of herein toward the district and utilized instrumentalities in the district in that John Doe gained unauthorized access to Plaintiff's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign to be altered so as to transfer control of Defendant Domain Names away from

Plaintiff.

21. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1655 in that the Defendant Domain Names are property situated in this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

22. Joinder of the Defendant Domain Names and Defendant John Doe is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants.

## PLAINTIFF'S RIGHTS

23. Dr. Wei is the owner and president of Agri-Analysis LLC located in Davis, California—the premier seed and plant testing laboratory. Dr. Wei received his Master's degree and Ph.D. degree in Bioengineering from the University of Utah. With 19 issued United States Patents, and over 15 peer reviewed publications relating to microbial detection technologies, Dr. Wei is a nationally recognized expert in microbial detection. Among his several community activities, Dr. Wei serves on the review boards of the American Vineyard Foundation (AVF), the National Institute of Health (NIH), and the U.S. Department of Agriculture for small business innovation research (SBIR) grants.

24. Dr. Wei registered the Defendant Domain Names over a decade ago through the domain name registrar Network Solutions, and is the lawful owner of the Defendant Domain Names as shown by the identification of Dr. Wei and his former residential address in Minnesota on archived whois records for the Defendant Domain Names going as far back as 2001 (the oldest available) for some of the domain names. None of the domain name registrations had expired at the time of the theft.

25. Plaintiff used the CEOS.COM domain name for over a decade for a website advertising business solutions, for business and personal email communications using @CEOS.COM addresses to communicate with family, friends, coworkers, lawyers, bankers, realtors, governments, business and professional associates, travel agents, as well as on Facebook, and to promote and provide ancillary services (the "CEOS.COM Mark").

26. Plaintiff used the CEOS.COM Mark in U.S. commerce in association with a website advertising business solutions, for email communications using @CEOS.COM addresses, and/or to promote and provide ancillary services until Defendant John Doe stole the Defendant Domain Names and thereby disabled Plaintiff's access to and control of the domain names.

27. Plaintiff is entitled to common law trademark protection in the CEOS.COM Mark by virtue of use of the mark in U.S. commerce for well over a decade.

28. John Doe's unauthorized transfer and subsequent misuse of the Defendant Domain Names further demonstrates that the CEOS.COM Mark is entitled to trademark protection.

**UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAMES**

29. The Verizon 2020 Data Breach Investigations Report reported that there were over 108,069 security breaches in 2019—with 100,000+ of the breaches involving the unauthorized use of an individual's login credentials to obtain unlawful access to a secured account.

30. One such security breach disclosed in 2019 was the disclosure by Plaintiff's domain name registrar, Network Solutions, that computer hackers had obtained unauthorized

access to approximately 22 million customer records.[1]

31. Plaintiff's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft."

32. Plaintiff has maintained a domain name management account with Network Solutions since first acquiring the Defendant Domain Names over a decade ago.

33. Plaintiff's domain name management account with Network Solutions is maintained on a protected computer and access to the account should be restricted to only those persons that possess Plaintiff's username and password.

34. On or around January 25, 2021, upon review of Plaintiff's domain name management account with Network Solutions, Plaintiff learned that the Defendant Domain Names had been transferred to other accounts at Network Solutions and then, in certain cases, to other registrars.

35. A search of Plaintiff's administrative e-mail account reveals that Plaintiff never received notifications that the Defendant Domain Names were being transferred. Such domain name transfer notification emails are required by ICANN.

36. On information and belief, John Doe obtained unauthorized access to Plaintiff's domain registrar account and manipulated the computer records to obtain the transfer of the Defendant Domain Names through an "account transfer" within Network Solutions or other surreptitious manner intended to avoid detection by Plaintiff.

37. On information and belief, John Doe prevented Plaintiff from receiving electronic communications seeking approval for the transfer of the Defendant Domain Names and obtained unauthorized access to such electronic communications so as to approve the

---

[1] https://www.bankinfosecurity.com/trio-web-registrars-disclose-22-million-account-breach-a-13332;
https://web.archive.org/web/20191031221740/https://notice.networksolutions.com/.

transfer(s).

38. When the Defendant Domain Names were transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Plaintiff's ability to control the domain names and associated email.

39. Plaintiff immediately contacted Network Solutions upon learning of the theft of the Defendant Domain Names and informed them of the hack and unauthorized transfers of the Defendant Domain Names.  Network Solutions did not deny, dispute, or question that Plaintiff's account was hacked or that the Defendant Domain Names were transferred without authorization, but Network Solutions has been unwilling to secure the return of the domain names.

40. Plaintiff filed reports with the federal and local law enforcement authorities including the FBI, the FTC, and the Davis, California Police Department concerning the theft of the Defendant Domain Names immediately upon learning that the domains had been transferred away from his Network Solutions account.

41. Upon learning of the theft, Plaintiff also filed a complaint with the Internet Corporation for Assigned Names and Numbers (ICANN) concerning the theft, and contacted all of the registrars for the Defendant Domain Names through the contact information provided by the whois records for the domain names and advised that the domain names had been stolen and asked for the immediate return of the domain names.

42. Plaintiff received responsive communications from a person claiming to be in possession of Defendant CNPC.COM who sought to sell the domain name back to Plaintiff, but received no other communications from the party or parties in possession of the other Defendant

Domain Names.

43. The registration and use of the Defendant Domain Names by John Doe are without authorization from Plaintiff.

44. The Defendant Domain Names do not reflect the trademark or intellectual property rights of John Doe.

45. On information and belief, the Defendant Domain Names do not reflect the legal name of John Doe.

46. John Doe has not engaged in bona fide noncommercial or fair use of Plaintiff's CEOS.COM Mark in a website accessible under the Defendant Domain Names.

47. John Doe provided material and misleading false contact information in the domain name registrations when changing the registrant for the Defendant Domain Names from Plaintiff.

48. John Doe transferred the Defendant Domain Names without authorization from Plaintiff and thereby acquired a domain name which John Doe knew was identical to, and reflective of, Plaintiff's CEOS.COM Mark.

49. As stolen domain names, no subsequent registrant may acquire title to the Defendant Domain Names that is superior to Plaintiff's title to the domain names.

## FIRST CLAIM FOR RELIEF (IN REM)
### *Violation of the Anticybersquatting Consumer Protection Act*

50. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

51. Plaintiff's CEOS.COM Mark is distinctive and was distinctive prior to the time the Defendant Domain Names were transferred away from Plaintiff without authorization and thereby unlawfully registered to John Doe.

52. The aforesaid acts by John Doe constitute registration, trafficking, and/or use of a domain name that is identical to Plaintiff's CEOS.COM Mark, with bad faith intent to profit therefrom.

53. The aforesaid acts constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

54. The aforesaid acts have caused, and are causing, great and irreparable harm to Plaintiff and the public. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i) and 28 U.S.C. § 1655, Plaintiff is entitled to an order transferring Defendant CEOS.COM back to Plaintiff.

## SECOND CLAIM FOR RELIEF (IN REM)
### *Quiet Title*

55. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

56. Plaintiff has valid legal and equitable title to the Defendant Domain Names by virtue of his registration and ownership of the domain names for over a decade.

57. The Defendant Domain Names were stolen from Plaintiff and no subsequent registrant may acquire valid title to the domain names—whether or not any such registrant purports to be a bona fide purchaser.

58. Through control of the domain names, John Doe has asserted a claim to the Defendant Domain Names that impedes Plaintiff's ownership and control of the domain names and constitutes a cloud on Plaintiff's title to the domain names.

59. Plaintiff is entitled to a declaration from the Court, including without limitation pursuant to 28 U.S.C. § 1655, that he is the lawful owner and registrant of the Defendant Domain Names and that there are no other valid claims against the title to the Defendant

Domain Names.

### THIRD CLAIM FOR RELIEF (IN PERSONAM)
*Violation of the Computer Fraud & Abuse Act*

60. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

61. John Doe: (a) knowingly and intentionally accessed Plaintiff's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud accessed Plaintiff's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed Plaintiff's domain name management account on a protected computer without authorization, and as a result of such conduct caused damage and loss (18 U.S.C. § 1030(a)(5)(C)).

62. John Doe's unlawful actions have included causing the protected domain name registration records maintained in the district by VeriSign to be altered so as to transfer control of Defendant Domain Names away from Plaintiff.

63. Plaintiff has suffered damages as a result of the conduct complained of herein and the loss of the Defendant Domain Names.

### FOURTH CLAIM FOR RELIEF (IN PERSONAM)
*Violation of the Electronic Communications Privacy Act*

64. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

65. On information and belief, John Doe intentionally accessed without authorization electronic communications sent by the domain name registrar to Plaintiff seeking Plaintiff's approval for the transfer of the Defendant Domain Names.

66. On information and belief, John Doe obtained such electronic communications and/or prevented Plaintiff's authorized access to such electronic communications while the communications were in electronic storage.

67. John Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

68. Plaintiff has suffered damages including the loss of the Defendant Domain Names as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

**FIFTH CLAIM FOR RELIEF (IN PERSONAM)**
*Conversion*

69. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

70. Plaintiff is the owner of property rights in and to the Defendant Domain Names.

71. John Doe has wrongfully taken control of the Defendant Domain Names.

72. John Doe's wrongful exercise of dominion and control over the Defendant Domain Names deprives Plaintiff of use and control of the Defendant Domain Names in violation of Plaintiff's rights in and to the domain names.

73. To the extent that John Doe has subsequently transferred the Defendant Domain Names to a person or persons other than John Doe, such other person's wrongful exercise of

dominion and control over the Defendant Domain Names deprives Plaintiff of use and control of the Defendant Domain Names in violation of Plaintiff's rights in and to the domain names.

74. Plaintiff has suffered damages including the loss of the Defendant Domain Names as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and/or attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests of this Court:

1. That judgment be entered in favor of Plaintiff on his *in rem* claims under the Anticybersquatting Consumer Protection Act, 28 U.S.C. § 1655, and for quiet title against the res Defendants CEOS.COM, CNOOC.COM, CNPC.COM, DENDRIMER.COM, LUMINESCENCE.COM, PEOPLESDAILY.COM, TAIYUAN.COM, and XUS.COM.

2. That judgment be entered in favor of Plaintiff on his *in personam* claims under the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and for Conversion against Defendant John Doe.

3. That the Court order the Defendant Domain Names be returned to Plaintiff through VeriSign's change of the current domain name registrars to Plaintiff's registrar of choice, Domain.com, LLC, and by Domain.com's change of the registrants back to Plaintiff.

4. That the Court order an award of actual, statutory, and/or punitive damages, costs and reasonable attorneys' fees; and

5. That the Court order an award to Plaintiff of such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| Dated: May 7, 2021 | By: |     /s/ Attison L. Barnes, III /s/     |

                                                    Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (for *pro hac vice*)
Stacey J. LaRiviere (VA Bar No. 92354)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
abarnes@wiley.law
dweslow@wiley.law
slariviere@wiley.law

*Counsel for Plaintiff
Aiping ("Alan") Wei, Ph.D.*

## VERIFICATION

I, Aiping ("Alan") Wei, Ph.D., declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

_____
Aiping ("Alan") Wei, Ph.D.

_5/5/2021_____
Date