IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AIPING WEI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21cv0582 (AJT/JFA) |
| | ) | |
| CEOS.COM, | ) | |
| CNOOC.COM, | ) | |
| CNPC.COM, | ) | |
| DENDRIMER.COM, | ) | |
| PEOPLESDAILY.COM, | ) | |
| TAIYUAN.COM, | ) | |
| XUS.COM, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 13). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On May 7, 2021, plaintiff filed a five-count verified complaint against eight domain names, CEOS.COM, CNOOC.COM, CNPC.COM, DENDRIMER.COM, LUMINESCENCE.COM, PEOPLESDAILY.COM, TAIYUAN.COM, XUS.COM ("Defendant Domain Names"), and an individual, John Doe. (Docket no. 1). The complaint asserts *in rem* claims under the Anti-Cybersquatting Consumer Protection Act ("ACPA") and Virginia common law, and *in personam* claims under the Computer Fraud and Abuse Act ("CFAA"), the

1

Electronic Communications Privacy Act ("ECPA"), and Virginia common law. (*Id.* ¶¶ 50–74). On June 16, 2021, plaintiff moved for service by publication. (Docket no. 2). The court granted the motion on June 21, 2021 and entered an order requiring plaintiff to publish notice of this action. (Docket no. 5). Plaintiff arranged for publication in *The Washington Times* once per week for six weeks, beginning on June 23, 2021 and ending on July 28, 2021. (Docket no. 6 ¶ 5).

On August 17, 2021, plaintiff requested an entry of default against the defendants. (Docket no. 7). On August 19, 2021, plaintiff filed a consent judgment and dismissal as to defendant LUMINESCENCE.COM. (Docket no. 8). That same day, the Court issued an order adjudicating plaintiff the rightful and exclusive owner of LUMINESCENCE.COM and dismissing the remaining claims as to LUMINESCENCE.COM. (Docket no. 9). The Clerk of the Court entered default against the remaining Defendant Domain Names on September 10, 2021. (Docket no. 10).

On September 29, 2021, plaintiff filed this motion for default judgment (Docket no. 13), and noticed the hearing for Friday, October 8, 2021 at 10:00 a.m. (Docket no. 15). As set forth in the motion for default judgment, plaintiff seeks an order changing the registrar of record for the Defendant Domain Names to plaintiff's registrar of choice, GoDaddy.com LLC, and for plaintiff to be listed as the registrant for the domain names. (Docket no. 13 at 2). Plaintiff requests the third, fourth, and fifth counts of the complaint be dismissed without prejudice. *Id.* At the hearing on October 8, 2021, counsel for plaintiff appeared, but no one appeared on behalf of the Defendant Domain Names.

## Factual Background

The following facts are established by the complaint. (Docket no. 1) ("Compl."). Over ten years ago, plaintiff registered the Defendant Domain Names through Network Solutions, a domain name registrar. (Compl. ¶ 3, 24). Plaintiff used one of the domain names, CEOS.COM, for many years to advertise business solutions and services and for business and personal communications. (Compl. ¶ 25–26). In 2019, computer hackers obtained unauthorized access to Network Solutions' customer records. (Compl. ¶ 30). Plaintiff discovered on or around January 25, 2021 that an unknown individual or individuals ("John Doe") had gained access to his account and transferred the Defendant Domain Names to other accounts and registrars. (Compl. ¶ 34–36). Plaintiff was not notified when these transfers occurred and did not authorize them. (Compl. ¶ 35–38). After the transfers were completed, the domain name registrant information and technical settings were changed, which prevented plaintiff from being able to access the domain names and associated email. (Compl. ¶ 38). Plaintiff contacted Network Solutions in an attempt to recover the Defendant Domain Names but was unsuccessful. (Compl. ¶ 39). Plaintiff also filed reports of the theft with several law enforcement agencies. (Compl. ¶ 40).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against this action, the Clerk of Court has entered a default as to the Defendant Domain Names. (Docket no. 10).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp.*

*v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

### Jurisdiction and Venue

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff has asserted five causes of action: (1) a violation of the ACPA (15 U.S.C. § 1125(d)), (2) a quiet title action as to lawful ownership of the Defendant Domain Names, (3) violation of the CFAA (18 U.S.C. § 1030(a)), (4) violation of the ECPA (18 U.S.C. §§ 2701, 2707), and (5) an action for conversion. (Compl. ¶¶ 50–74). Plaintiff alleges that this court has jurisdiction pursuant to 15 U.S.C. § 1121(a) (federal trademark actions), 28 U.S.C. §§ 1331 (federal question), § 1338(a) (civil actions relating to trademarks), § 1367 (supplemental jurisdiction), and § 1655 (quiet title), and the doctrines of ancillary and pendent jurisdiction. (Compl. ¶ 14).

Plaintiff alleges that this court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A) because the registry for the Defendant Domain Names (VeriSign) is located in this district and the listed registrants of the Defendant Domain Names are unidentified, a fictitious person or entity, or individual residing outside the United States over which plaintiff cannot obtain *in personam* jurisdiction and which he has been unable to identify despite his due diligence. (Compl. ¶ 15–16). Plaintiff alleges that venue is proper in this district because the Defendant Domain Names are property situated in this district and a substantial part

4

of the events giving rise to plaintiff's claims occurred in this district. (Compl. ¶ 21). Plaintiff alleges that the joinder of the Defendant Domain Names is proper under Federal Rule of Civil Procedure 20(a)(2) as the claims set forth in the complaint arise out of the same series of transactions, and the same questions of law are common to all the defendants. (Compl. ¶ 22).

Given the uncontested allegations that the Defendant Domain Names are located in this district and that a substantial part of the events giving rise to plaintiff's claim occurred in this district, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the Defendant Domain Names, that joinder is appropriate, and that venue is proper in this court.

## Service

Rule 4(n)(1) of the Federal Rules of Civil Procedure provides that the court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under the rule. Fed. R. Civ. P 4(n)(1). Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court. In an action to quiet title under 28 U.S.C. § 1655, the court may order service by publication for not less than once a week for six consecutive weeks if personal service on an absent defendant is not practicable.

On June 16, 2021, plaintiff moved for notice by publication. (Docket no. 2). On June 21, 2021, this court granted plaintiff's motion for publication and directed him to publish a notice in either *The Washington Post* or *The Washington Times* once per week for six consecutive weeks, commencing no later than fourteen (14) days after the entry of the order. (Docket no. 5).

5

Plaintiff published a notice in *The Washington Times* once weekly for six weeks between June 23, 2021 and July 28, 2021. (Docket no. 6-1). Plaintiff also affirmed that he sent a copy of the publication order to the registrants' email addresses and the registry for the Defendant Domain Names. (Docket no. 6 at 2). Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii) and 28 U.S.C. § 1655.

### Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notices published in *The Washington Times*, anyone making a claim to the Defendant Domain Names was required to file a responsive pleading by August 11, 2021. No responsive pleading has been filed, no other claims were filed, and the time for doing so has since expired. On August 17, 2021, plaintiff requested an entry of default. (Docket no. 7). On August 19, 2021, the Court granted plaintiff's consent judgment and dismissal as to defendant LUMINESCENCE.COM.[1] (Docket no. 9). The Clerk of Court entered a default against the remaining Defendant Domain Names on September 5, 2019. (Docket no. 10).

For the reasons stated above, the undersigned magistrate judge recommends a finding that service of this *in rem* action was proper and that no one has made a timely claim to the remaining Defendant Domain Names, and that the Clerk of Court properly entered a default as to those Defendant Domain Names.

---

[1] Plaintiff filed a consent judgment and dismissal as to LUMINESCENCE.COM after he was contacted by the registrant of the domain name, who represented that he had acquired it through public auction without knowledge that it was stolen and agreed to voluntarily return it. (Docket no. 8 at 1–2). The Court adjudged plaintiff to be the rightful owner of LUMINESCENCE.COM and dismissed the remaining counts against the defendant. (Docket no. 9 at 2–3).

## Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). While the complaint alleges five claims against the defendants, plaintiff's motion for default judgment only seeks an order granting default judgment as to plaintiff's *in rem* claims. Accordingly, this report and recommendation focuses only on the ACPA claim contained in Count I of the complaint and the action to quiet title contained in Count II.

### A. ACPA Claim

Plaintiff has established a violation of the ACPA. As an initial matter, plaintiff contends that he is entitled to common law trademark protection for his use of CEOS.COM "by virtue of use of the mark in U.S. commerce for well over a decade." (Compl. ¶ 27). Common law trademark ownership rights are established by "actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). Plaintiff's complaint establishes that he registered the CEOS.COM domain name over a decade ago and that he used it regularly for a website advertising business solutions and ancillary services in U.S. commerce. (Compl. ¶ 25–27). Plaintiff also used the domain name for business and personal email communications and social media. (Compl. ¶ 25–27). Because plaintiff used CEOS.COM in commercial markets, he is entitled to common law trademark protections. *See Emergency One, Inc.*, 332 F.3d at 267.

To establish an ACPA violation, plaintiff is required to prove: (1) that defendants had a bad faith intent to profit from using the CEOS.COM mark, and (2) that the CEOS.COM mark is

7

identical or confusingly similar to, or dilutive of, a distinctive mark owned by plaintiff.[2] 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001).

Plaintiff has established defendant John Doe's bad faith use of the CEOS.COM domain name. In determining whether a defendant acted in bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
>
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
>
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
>
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
>
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
>
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
>
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact

---

[2] The second prong of this test is quickly disposed of, as the CEOS.COM domain name at issue is identical to the domain name that was registered and used by plaintiff for over a decade. (Compl. ¶ 24–27); *see* 15 U.S.C. § 1125(d)(1)(A)(ii)(I).

8

> information, or the person's prior conduct indicating a pattern of such conduct;
>
> (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks or others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
>
> (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c).

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69. Many of these factors weigh in favor of a finding of bad faith. Defendant John Doe does not enjoy any trademark or property rights to the CEOS.COM mark, and the mark does not reflect Doe's legal name or identity. (Compl. ¶ 44–45). Doe has not used the CEOS.COM mark for any bona fide noncommercial or fair use, and Doe's theft of the domain name reflects an intent to divert customers away from plaintiff's business services. (Compl. ¶ 46, 48). Finally, Doe provided material misleading and false contact information when registering the CEOS.COM domain name. (Compl. ¶ 45, 47). Because plaintiff has established a bad faith use of a domain name identical to plaintiff's CEOS.COM mark, the undersigned recommends a finding that plaintiff has established a violation of the ACPA at to the CEOS.COM defendant domain name. *See People for Ethical Treatment of Animals*, 263 F.3d at 367.

### B. Action to Quiet Title

Plaintiff has asserted a claim under 28 U.S.C. § 1655 to remove any cloud upon the title to the Defendant Domain Names. Under Virginia law, an "action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617, 622 (4th

9

Cir. 2011) (quoting *Maine v. Adams*, 672 S.E.2d 862, 866 (Va. 2009)). As the Fourth Circuit explained in *McQullien v. Nat'l Cash Reg. Co.*, 112 F.2d 877, 880 (4th Cir. 1940), in an action to quiet title a plaintiff must show (1) the suit is to enforce a legal or equitable claim to real or personal property; (2) the legal or equitable claim must have existed prior to the suit being filed; and (3) the property must be located within the district in which the action is brought. The allegations in the complaint clearly establish that plaintiff is the rightful owner of the Defendant Domain Names and that the theft committed by John Doe has interfered with his right to ownership and control over the Defendant Domain Names. (Comp. ¶ 24, 34–38, 56–58). The remaining issue is whether the Defendant Domain Names are considered real or personal property and, if so, are they are located in this district. Plaintiff has alleged that the Defendant Domain Names are property situated in this district and that *in rem* jurisdiction is appropriate over those domain names. (Compl. ¶ 18, 21). No defendant has come forward to challenge these allegations and, given that a default has been entered, the allegations are deemed admitted.[3] While there is some question whether a domain name registration would be considered "personal property" and subject to *in rem* jurisdiction under 28 U.S.C. § 1655 given its intangible nature, no defendant has raised that argument in this action. To the extent a domain name registration would be considered personal property under 28 U.S.C. § 1655, that property would be located in this district since the domain names were registered in this district and the registry controlling the domain names is located in this district. (Compl. ¶ 3, 19). Plaintiff has exclusive ownership rights over the Defendant Domain Names, his rights are superior to any third-party claims to title and it is recommended that a judgment be entered in favor of the plaintiff on his quiet title claim.

---

[3] A party in default is deemed to have admitted the factual allegations in the complaint but not necessarily any legal conclusions in the complaint.

## Relief

In this *in rem* action, plaintiff seeks the transfer of the Defendant Domain Names and dismissal of the remaining claims without prejudice. (Docket nos. 13 at 2, 14 at 22). Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." This court has previously ordered the transfer of domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Bains De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002). This court has also ordered transfer of a domain name where necessary to satisfy a claim to quiet title albeit in a case that also involved a claim under the ACPA. *See Costarica.com, Inc. v. Costarica.com*, No. 1:16-cv-1465, 2017 WL 1205599, at *4–5 (E.D. Va. Mar. 6, 2017), *report and recommendation adopted*, 2017 WL 1207627 (E.D. Va. Mar. 30, 2017). Given that plaintiff has established a violation of the ACPA through the unauthorized use of plaintiff's CEOS.COM mark and exclusive ownership over the remaining Defendant Domain Names, the undersigned recommends the entry of an order requiring the registry for the Defendant Domain Names to change the registrar of record for the Defendant Domain Names to plaintiff's designated registrar and a dismissal of plaintiff's remaining claims without prejudice.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Aiping Wei and against CEOS.COM pursuant to Count I of the Complaint alleging a violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)(C)) and against each of the remaining Defendant Domain Names pursuant to Count II

in an action to quiet title. The undersigned recommends that it be ordered that VeriSign, Inc., the registry for the Defendant Domain Names, change the registrar of record for domain names CEOS.COM, CNOOC.COM, CNPC.COM, DENDRIMER.COM, PEOPLESDAILY.COM, TAIYUAN.COM, and XUS.COM to GoDaddy.com LLC, plaintiff's choice of registrar, and that GoDaddy.com LLC register the domain names in plaintiff's name. The undersigned further recommends that plaintiff's remaining claims be dismissed without prejudice.

## Notice

The parties are notified that objections to this proposed finding of fact and recommendations must be filed within fourteen days of service of this proposed finding of fact and recommendations. The failure to file timely objections waives appellate review of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed finding of fact and recommendations. Plaintiff's counsel shall send a copy of this proposed findings of fact and recommendations to the Domain Name Defendants at email addresses alex@doctorstendig.com; sarfraz_lab@yahoo.com; au72f58a539@networksolutionsprivateregistration.com; dendrimer.com@contactprivacy.com; DomainAbuse@service.aliyun.com; and 9142288e6@xus.com.whoistrustee.com; and to the registry VeriSign, Inc. Plaintiff's counsel shall file a notice indicating the date on which the required notice was given and the fourteen-day period for serving objections will be calculated from the date plaintiff's counsel certifies the notice was sent.

ENTERED this 8th day of October, 2021.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia